# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

| | |
|---|---|
| JOHN FELIX GREER, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:12-1355 |
| KAREN F. HOGSTEN, Warden, | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document No. 1.), Motion for Summary Judgment (Document No. 5.), and "Motion to Expedite Disposition of Application Under 28 U.S.C. § 2241 and Motion for Summary Judgment" (Document No. 8.).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Motions for Summary Judgment and Section 2241 Application, the undersigned finds, and hereby respectfully recommends that Petitioner's Motions be denied and his Application be dismissed.

## FACT AND PROCEDURE

**A.    Criminal Action No. 2:04-cr-20009:**

On March 14, 2006, Petitioner was convicted in the United States District Court for the Western District of Tennessee of one count of interfering with commerce by threats or violence, in

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

violation of 18 U.S.C. § 1951 (Count One); one count of carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Three). United States v. Greer, Case No. 2:04-cr-20009 (W.D.Tn. July 12, 2006), Document Nos. 99 and 100. On July 12, 2006, the District Court sentenced Petitioner to a total term of 324-months of imprisonment, to be followed by a three-year term of supervised release. Id., Document Nos. 109 - 111.

Petitioner filed a Notice of Appeal on July 21, 2006. (Id., Document No. 112.) In his appeal, Petitioner argued that (1) the evidence presented at trial was insufficient to support a guilty verdict, and (2) the trial court erred in admitting witness testimony concerning the nature of his prior convictions. On August 8, 2007, the Sixth Circuit Court of Appeals affirmed Petitioner's conviction. United States v. Greer, 239 Fed.Appx. 169 (6th Cir. 2007).

**B.    Section 2255 Motion:**

On August 4, 2008, Petitioner, acting *pro se*, filed in the Western District of Tennessee a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Greer v. United States, Case No. 2:08-cv-02525, Document No. 1. As grounds for *habeas* relief, Petitioner alleged as follows: (1) "Defendant/Petitioner was denied due process of law in case number 04-20009;" (2) "The plaintiff in case number 04-20009 did not have proper standing;" and (3) "The statute 18 U.S.C. § 3231 is an unconstitutional act of Congress." Id. By Memorandum Opinion and Order entered on January 5, 2009, the District Court addressed the merits of Petitioner's claims and denied his Section 2255 Motion. Id., Document No. 2. On September 25, 2009, Petitioner filed a "Motion to Vacate and Set Aside Collateral Order of Judgment, or Decree." Id., Document No. 4. By Order entered on September 30, 2009, the District Court construed Petitioner's motion as a Rule 60(b) Motion and denied it. Id., Document No. 5. On October 13, 2009, Petitioner filed a Motion to Amend or Correct

Judgment, which the District Court denied on October 16, 2009. Id., Document Nos. 6 and 7.

**C.    First Section 2241 Petition:**

On April 20, 2009, Petitioner, acting *pro se*, filed in the Southern District of Indiana his first Petition requesting relief under 28 U.S.C. § 2241. Greer v. Marberry, Case No. 2:09-cv-0143 (S.D.In. May 12, 2009). In his Petition, Petitioner alleges the follow grounds for *habeas* relief: (1) "18 U.S.C. § 3231 is wholly repugnant to the judicial Article of the Constitution;" (2) "The district court erroneously applied or interpreted that statute, 18 U.S.C. § 3231, in case number 04-20009;" (3) "Defendant's vested right to a determination of standing and case or controversy was effectively abridged;" (4) "Remedy under Section 2255 was and is inadequate and ineffective as a means to test the legality of detention." Id. By Order entered on May 12, 2009, the District Court determined that Petitioner was challenging the validity of his sentence and dismissed his Section 2241 Petition for lack of jurisdiction. Id., Document Nos. 3 and 4. Petitioner filed a Notice of Appeal on June 17, 2009. Id., Document No. 5. On October 5, 2009, the Seventh Circuit denied Petitioner's appeal. Id., Document No. 11.

**D.    Second Section 2241 Petition:**

On May 1, 2012, Petitioner, acting *pro se*, filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Document No. 1.) In his Petition, Petitioner alleges the follow grounds for *habeas* relief:

(1)    The execution of a sentence illegally passed by the United States District Court for the Western District of Tennessee, Western Division, was effected in an unlawful manner, contrary to the rule of law, whereby, the continued illegal deprivation of petitioner's liberty was perfected, contrary to the Due Process Clause of the Fifth Amendment of the Constitution of the United States.

(2)    Incident to the subsequent exercise of jurisdiction by the United States District Court for the Western District of Tennessee in the absence of

        concurrence in the first instance between any written law and the Articles of the Constitution in virtue of which the United States District Court that created the court effect the unjustified indictment, arrest, pre-trial detention, prosecution, conviction, and continued post-trial detention of petitioner, contrary to the Due Process and Grand Jury Clauses of the Fifth Amendment of the Constitution.

(3)     The criminal statutes on which the indictment in the United States District Court for the Western District of Tennessee rested are unconstitutionally vague to the extent of the absence therein of any express declaration of the court to which jurisdiction over the punishment of the violation thereof shall be vested. Thus, the enforcement of those criminal statutes notwithstanding the absence of such express declaration or any other written law appropriately conferring jurisdiction over the subject-matter thereof, effected the unjustified deprivation of petitioner's liberty contrary to the Due Process and Grand Jury Clauses of the Constitution and the mandate of the Non-Detention Act.

(4)     The United States District Court for the Western District of Tennessee lost jurisdiction of the case therein from the beginning upon its failure to complete itself within the meaning of the assistance of counsel clause of the Constitution. Petitioner was denied the effective assistance of counsel at the pre-trial stage, include as well, counsel's performance in relation to the plea offered by the prosecution.

(Id., pp. 6 - 7, 9 - 11.) Petitioner, therefore, contends that he is entitled to *habeas* relief. (Id.)

On July 5, 2012, Petitioner filed a Motion for Summary Judgment. (Document No. 5.) Petitioner filed his Memorandum in Support on July 12, 2012. (Document No. 7.) In his Motion and Memorandum, Petitioner continues to challenge his conviction and sentence arguing that the Western District of Tennessee lacked jurisdiction under 28 U.S.C. § 3231 and that the United States did not have standing to prosecute. (Document Nos. 5 and 7.) Petitioner argues that there are no issues of fact and he is entitled to judgment as a matter of law. (Id.)

On July 17, 2012, Petitioner filed a "Motion to Expedite Disposition of Application Under 28 U.S.C. § 2241 and Motion for Summary Judgment." (Document No. 8.) Specifically, Petitioner requests that the Court expedite consideration of Section 2241 Petition and grant his Motion for Summary Judgment. (Id.)

4

## THE STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the

exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon her liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Western District of Tennessee. Specifically, Petitioner claims the Western District of Tennessee lacked subject-matter jurisdiction under 28 U.S.C. § 3231 and that the United States did not have standing to prosecute. Petitioner is clearly challenging the validity of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2)

construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of Tennessee. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Sixth Circuit Court of Appeals.[2]

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy

---

a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).

the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Motion for Summary Judgment (Document No. 5.), **DENY** Petitioner's "Motion to Expedite Disposition of Application Under 28 U.S.C. § 2241 and Motion for Summary Judgment" (Document No. 8.), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of

filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: December 19, 2012.

R. Clarke VanDervort
United States Magistrate Judge