```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**JOHN FELIX GREER**

v.                                    CIVIL ACTION NO. 1:12-01355

**KAREN F. HOGSTEN, Warden**


<u>**MEMORANDUM OPINION AND ORDER**</u>

<u>I.  Introduction</u>

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendation.  Magistrate Judge VanDervort submitted his proposed findings and recommendation on December 19, 2012.  In that Proposed Findings and Recommendation ("PF&R"), the magistrate judge recommended that this court deny petitioner's motion for summary judgment, deny petitioner's motion to expedite disposition, dismiss petitioner's application for Writ of Habeas Corpus, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Moreover,

this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Petitioner filed objections to the Proposed Findings and Recommendation on January 4, 2013. Because petitioner filed his objections timely, this court has conducted a de novo review of the record as to those objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II. Analysis

Distilled to their essence, petitioner's main objection[1] to the PF&R is with Magistrate Judge VanDervort's recommendation that this court construe petitioner's application under 28 U.S.C. § 2241 as a § 2255 motion. This court agrees with the Magistrate Judge's recommendation and OVERRULES petitioner's objection.

Greer alleged the following grounds for relief in his application:

---

[1] A number of Greer's "objections" go well beyond the scope of the PF&R and do not direct the court to any specific error. For example, Greer spends a great deal of time discussing principles of res judicata even though res judicata is not even mentioned in the PF&R. Pursuant to Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982), the court need not conduct a de novo review of those types of "objections."

2

(1) The execution of a sentence illegally passed by the United States District Court for the Western District of Tennessee, Western Division, was effected in an unlawful manner, contrary to the rule of law, whereby, the continued illegal deprivation of petitioner's liberty was perfected, contrary to the Due Process Clause of the Fifth Amendment of the Constitution of the United States.

(2) Incident to the subsequent exercise of jurisdiction by the United States District Court for the Western District of Tennessee in the absence of concurrence in the first instance between any written law and the Articles of the Constitution in virtue of which the United States District Court that created the court effect the unjustified indictment, arrest, pre-trial detention, prosecution, conviction, and continued post-trial detention of petitioner, contrary to the Due Process and Grand Jury Clauses of the Fifth Amendment of the Constitution.

(3) The criminal statutes on which the indictment in the United States District Court for the Western District of Tennessee rested are unconstitutionally vague to the extent of the absence therein of any express declaration of the court to which jurisdiction over the punishment of the violation thereof shall be vested.  Thus, the enforcement of those criminal statutes notwithstanding the absence of such express declaration or any other written law appropriately conferring jurisdiction over the subject-matter thereof, effectuated the unjustified deprivation of petitioner's liberty contrary to the Due Process and Grand Jury Clauses of the Constitution and the mandate of the Non-Detention Act.

(4) The United States District Court for the Western District of Tennessee lost jurisdiction of the case therein from the beginning upon its failure to complete itself within the meaning of the assistance of counsel clause of the Constitution.  Petitioner was denied the effective assistance of counsel at the pre-trial stage, include [sic] as well, counsel's performance in relation to the plea offered by the prosecution.

Greer's Application for Writ of Habeas Corpus (Doc. No. 1).

This court agrees with the magistrate judge that petitioner's claims -- which assert a lack of jurisdiction in the trial court -- are more accurately framed as challenges to his sentence's underlying validity and, therefore, should be brought pursuant to a petition under 28 U.S.C. § 2255.  See 28 U.S.C. § 2255 (An action under 28 U.S.C. § 2255 states that a petitioner can move to vacate, set aside, or correct a sentence "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.")(emphasis added); see also Dill v. United States, No. 05-30817, 2006 WL 468294, *1 (5th Cir. Feb. 23, 2006) ("Dill's jurisdictional argument [challenging his conviction and sentence for bank robbery for lack of jurisdiction], however, challenges his conviction and is therefore the type of claim reserved for § 2255 proceedings.").

It is well-established that habeas petitions filed pursuant to § 2241 and motions filed pursuant to § 2255 serve different and distinct purposes.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); see also Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that challenges to the execution of a sentence include challenges to

4

wrongful revocation of parole, place of imprisonment, and credit for time served).  In contrast, a § 2255 petition "attacks the legality of detention . . . and must be filed in the district that imposes the sentence."  <u>Id.</u> (citation omitted).  <u>Collins v. Ledezma</u>, 724 F. Supp.2d 1173, 1176 (W.D. Okla. 2010).  "[W]hile § 2255 and § 2241 both provide mechanisms for a federal prisoner to challenge his detention, these mechanisms are not interchangeable."  <u>Thigpen v. Francis</u>, Civil Action No. 3:06CV1, 2008 WL 2117143, *2 (N.D.W. Va. May 19, 2008).  Furthermore, this court is not bound by Greer's characterization of his pleading but, rather, it must look to the substance of the petition and the relief requested to determine whether it should be brought pursuant to § 2255 or § 2241.  See <u>United States v. Nelson</u>, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion."); <u>William v. Zickefoose</u>, Civil No. 10-2953 (WJM), 2010 WL 5479621, *3 (D.N.J. Dec. 29, 2010) ("Accordingly, this Court construes this action, which seeks to challenge the validity of a judgment of conviction, as one for relief under 28 U.S.C. § 2255, rather than under § 2241.  Regardless of the label used by Petitioner, the subject matter of the petition, and not the title he assigns, determines its stautus."); <u>Hagwood v. United States</u>, Civil Action No. 3:07-CV-17, 2007 WL 1795536, *2 (N.D.W. Va. Jun. 19, 2007) ("It is clear that regardless of the

label Petitioner has placed on his application, he is seeking collateral relief through his present request.").

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). The prisoner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). There is nothing in Greer's application that demonstrates he meets the Jones requirements. "Consequently, if Petitioner's application was construed as a petition arising under § 2241, Petitioner would not be able to demonstrate that § 2255 is an inadequate or ineffective remedy, and he would not be entitled to rely on § 2241 for relief." Haqwood, 2007 WL 1795536 at *4.

A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). As a § 2255 petition, petitioner's claim must be brought in the sentencing court. See 28 U.S.C. § 2255 (directing that a prisoner "may move the court which imposed the sentence . . ."). The petitioner in this case was convicted and sentenced in the

6

Western District of Tennessee.  Accordingly, this court lacks jurisdiction to hear his § 2255 petition.  In addition, as Magistrate Judge VanDervort noted in his PF&R, transfer of Greer's § 2255 to the United States District Court for the Western District of Tennessee is not appropriate given that Greer has not obtained the necessary authorization to file a second or successive motion from the United States Court of Appeals for the Sixth Circuit.  See Dorise v. Zych, Civil Action No. 7:12cv00102, 2012 WL 12551561, *2 n.6 (W.D. Va. Mar. 13, 2012) ("[T]he court does not find that transfer of a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy.  Therefore, this court declines to construe and transfer Dorise's petition.").[2]

### III.  Conclusion

The court hereby (1) CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and

---

[2] Greer also objects to Magistrate Judge VanDervort's description of the dismissal of his appeal of his first § 2241 petition, filed in the Southern District of Indiana, on April 20, 2009.  See Greer v. Marberry, Case No. 2:09-cv-0143 (S.D. Ind. 2009).  In the PF&R, Magistrate Judge VanDervort noted that "[o]n October 5, 2009, the Seventh Circuit denied Petitioner's appeal." PF&R at p. 3.  According to Greer, his appeal was voluntarily dismissed pursuant to Federal Rule of Appellate Procedure 42(b). A review of the file in Case No. 09-2550, Greer's case number on appeal, reveals that Greer did indeed voluntarily dismiss his appeal and the record in this case will so reflect.  Greer v. Marberry, Case No. 09-2550 (7th Cir. 2009) (Doc. No. 12). However, this finding has no impact on the court's disposition of this case.

Recommendation submitted by the magistrate judge; (2) DENIES petitioner's motion for summary judgment (Doc. No. 5); DENIES petitioner's motion to expedite (Doc. No. 8); DISMISSES petitioner's application (Doc. No. 1); and DIRECTS the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to counsel of record and to the petitioner.

IT IS SO ORDERED this 28th day of March, 2013.

        ENTER:

        *David A. Faber*
        David A. Faber
        Senior United States District Judge