IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JOHN FELIX GREER

v.                              CIVIL ACTION NO. 1:12-01355

KAREN F. HOGSTEN, Warden

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's "Motion Pursuant to 28 U.S.C. 455 Requesting the Disqualification of Magistrate Judge R. Clarke VanDervort By Order of the Court." (Doc. No. 9). Under 28 U.S.C. § 455, recusal is appropriate "if a person with knowledge of the relevant facts might reasonably question [a judge's] impartiality." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003).

> The alleged bias must derive from an extrajudicial source. It must result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter. The nature of the judge's bias must be personal and not judicial. A judge is not disqualified because his familiarity with the facts of the case stem from his judicial conduct in presiding over earlier proceedings.

In re Beard, 811 F.2d 818, 827 (4th Cir. 1987).

A judge need not recuse himself because of "unsupported, irrational, or highly tenuous speculation." United States, v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998). Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). On appeal, recusal decisions are reviewed under

an abuse of discretion standard.  <u>United States v. Carmichael</u>, 726 F.2d 158, 162 (4th Cir. 1984).

Recusal is not warranted.*  There is nothing in the record that would cause a person with knowledge of the relevant facts to reasonably question the impartiality of Magistrate Judge VanDervort.

Based on the foregoing, the motion is **DENIED**.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

IT IS SO ORDERED this 29th day of March, 2013.

ENTER:

David A. Faber
Senior United States District Judge

---

* Nor is recusal pursuant to 28 U.S.C. § 144 appropriate. Under 28 U.S.C. § 144, a judge shall recuse himself in cases in which the party seeking recusal files a timely and sufficient affidavit stating the judge has a personal bias or prejudice against either the affiant or in favor of any adverse party.  The affidavit must allege a personal bias from an extrajudicial source.  See <u>Sine v. Local No. 992 Int'l Brotherhood of Teamsters</u>, 882 F.2d 913, 914 (4th Cir. 1989).
    In this case, Greer has not filed the required affidavit nor has he alleged or shown facts that demonstrate Magistrate Judge VanDervort has a personal bias based on an extrajudicial source.