```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

JOHN FELIX GREER

v.                                    CIVIL ACTION NO. 1:12-01355

KAREN F. HOGSTEN, Warden

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion for recusal. (Doc. No. 19). Under 28 U.S.C. § 144, a judge shall recuse himself in cases in which the party seeking recusal files a timely and sufficient affidavit stating the judge has a personal bias or prejudice against either the affiant or in favor of any adverse party. The affidavit must allege a personal bias from an extrajudicial source. See Sine v. Local No. 992 Int'l Brotherhood of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989).

Under 28 U.S.C. § 455, recusal is appropriate "if a person with knowledge of the relevant facts might reasonably question [a judge's] impartiality." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003).

> The alleged bias must derive from an extrajudicial source. It must result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter. The nature of the judge's bias must be personal and not judicial. A judge is not disqualified because his familiarity with the facts of the case stem from his judicial conduct in presiding over earlier proceedings.

In re Beard, 811 F.2d 818, 827 (4th Cir. 1987).

A judge need not recuse himself because of "unsupported, irrational, or highly tenuous speculation." United States, v.

DeTemple, 162 F.3d 279, 287 (4th Cir. 1998). Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). On appeal, recusal decisions are reviewed under an abuse of discretion standard. United States v. Carmichael, 726 F.2d 158, 162 (4th Cir. 1984).

> According to the Fourth Circuit:
>
> The upshot of these cases is clear: while recusal motions serve an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor. If we were to "encourage strategic moves by a disgruntled party to remove a judge whose rulings the party dislikes," In re United States, 441 F.3d 44, 67 (1st Cir. 2006), we would make litigation even more time-consuming and costly than it is and do lasting damage to the independence and impartiality of the judiciary. In other words, recusal decisions "reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." Id. (quoting In re Allied-Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989)).

Belue v. Leventhal, 640 F.3d 567, 574 (4th Cir. 2011).

In the instant case, recusal is not warranted under either statute. No person with knowledge of the relevant facts could reasonably question the undersigned's impartiality in this matter. Nor has Greer shown or sufficiently alleged a personal bias from an extrajudicial source.

2

Although Greer has filed an affidavit in support of his recusal motion, the affidavit is neither timely nor sufficient. Greer initiated this civil action on May 1, 2012, however, he did not file the motion for recusal until more than eight months later, after Magistrate Judge VanDervort had entered his Proposed Findings and Recommendation. "Recusal motions must be filed by the earliest moment after the petitioner becomes aware of the applicable facts supporting disqualification." United States v. Blackwell, Criminal Action No. 3:04-cr-00040, 2008 WL 4222026, *2 (W.D. Va. Sept. 15, 2008) (citing Satterfield v. Edenton-Chowan Bd. of Ed., 530 F.2d 567, 574-75 (4th Cir. 1975)). "A party who could assert recusal cannot keep that motion up his sleeve `to wait and decide whether he likes [any] subsequent treatment that he receives.'" Id. (quoting In re United Shoe Machinery Corp., 276 F.2d 77, 79 (1st Cir. 1960)). Based upon Blackwell and the authorities cited therein, it is clear that Greer's motion is untimely.

Nor is Greer's affidavit sufficient. "An affidavit is legally sufficient if it meets a three-part test: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that bias exists; and (3) the facts must show that the bias is personal, rather than judicial, in nature." Phillips v. Joint Legislative Comm., 637 F.2d 1014, 1019 (5th Cir. 1981). Although Greer contends that the undersigned has a personal bias or prejudice against him and a certain class of defendants, his

3

affidavit, motion, and memorandum are all vague, conclusory, and unsupported. Without alleging any specific facts, it appears that Greer is largely unhappy with this court's various rulings in other cases and, according to him, this establishes bias. Greer's affidavit fails to show facts that demonstrate the undersigned has a personal bias based on an extrajudicial source. Indeed, as noted above, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

Based on the foregoing, the referral of the motion to Magistrate Judge VanDervort is **VACATED** and defendant's motion is **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to plaintiff and all counsel of record.

**IT IS SO ORDERED** this 30th day of September, 2013.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge